*NOT FOR PUBLICATION*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JESSICA BOLTON,**<br><br>                    Plaintiff,<br><br>          v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; GAVIN NEWSOM, GOVERNOR OF THE STATE OF CALIFORNIA; KATHLEEN ALLISON, SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; SERGIO BUSTOS; GABRIEL LOPEZ; JOSE VALENCIA; ALLEN BOWMAN; MARIAH ALVARADO; AND EMMANUEL RAMIREZ.**<br>                    Defendants. | Case No.  4:21-cv-3466-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Dkt. Nos. 14 and 16 |

Plaintiff Jessica Bolton is a mental health professional and staff psychologist at the Richard J. Donovan Correctional Facility ("RJD"), which is part of the California Department of Corrections and Rehabilitation ("CDCR").  (*See* Dkt. No. 1, ¶ 1) ("Complaint" or "Compl.") This action arises out of alleged retaliation against plaintiff after she witnessed and reported officers using excessive force on an inmate. (*Id.* ¶ 26.)  Plaintiff brings this action against defendants CDCR; Governor Gavin Newsom; Kathleen Allison, (collectively, "Government defendants"), Gabriel Lopez, Jose Valencia, Allen Bowman, Mariah Alvarado, Emmanuel Ramirez (collectively, "custodian staff defendants") and Sergio Bustos.  (Id. ¶¶ 7-16.)  Plaintiff brings nine causes of action: (1) illegal intrusion on First Amendment right to free speech in violation of 42 U.S.C. § 1983; (2) retaliation for exercising First Amendment speech, Monell Action-based on official policy, practice, or custom in violation of 42 U.S.C. § 1983; (3) retaliation for exercising free speech, Monell Action-based on act of final policymaker in violation of 42 U.S.C. § 1983; (4) retaliation for exercising free speech, Monell Action-based on ratification in violation of 42 U.S.C.

§ 1983; (5) retaliation for exercising free speech, Monell Action-based on policy of failure to train or supervise in violation of 42 U.S.C. § 1983; (6) retaliation in violation of California Labor Code § 1102.5; (7) negligent hiring, retention, and supervision, (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress.  (*See* Compl.)

Now before the Court are two motions to dismiss.  The first motion is by the Government defendants to dismiss all causes of actions brought against them.  (*See* Dkt. No. 14.)   The second motion is by the custodial staff defendants to dismiss plaintiff's eighth and ninth causes of action and plaintiff's request for injunctive relief. (*See* Dkt. No. 16.)  The matter was fully briefed by the parties.  (*See also* Dkt. Nos. 20-23.)

Having carefully considered the papers submitted, the pleadings in this action, the oral argument that took place during the August 10, 2021 hearing, and for the reasons set forth in full detail on the record, the Court **GRANTS** the Government defendants' motion to dismiss and **GRANTS IN PART AND DENIES IN PART** the custodian staff defendants' motion to dismiss.  The Court finds the following:

- With regards to the Government defendants' motion to dismiss, the Court **GRANTS** the motion with respect to defendant CDCR because the CDCR is a state agency, and the Eleventh Amendment bars claims in federal court against state agencies.  *See Brown v. California Dept. of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009) (affirming district court's finding that the California Department of Corrections was entitled to Eleventh Amendment immunity; "[i]n the absence of a waiver by the state or a valid congressional override, under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.)  Thus, all of plaintiff's claims against the CDCR, including plaintiff's request for injunctive relief, are **DISMISSED WITHOUT LEAVE TO AMEND.**

- Similarly, plaintiff's claims for monetary damages against Governor Newsom and Allison in their official capacities are also barred by the Eleventh Amendment.  *Shaw v. State of Cal. Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 604 (9th Cir.1986) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984); *Kentucky v. Graham,* 473 U.S. 159, 165–68 (1985) (holding that official capacity suits are effectively suits against the entity that the individual represents); *Krainski v. Nevada ex rel. Bd. Of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("Eleventh Amendment immunity also shields state officials from official capacity suits.").  Thus, plaintiff's first, second, third, fourth, and fifth claims against defendants Newsom and Allison in their official capacities are **DISMISSED WITHOUT LEAVE TO AMEND**.

- To the extent those claims are brought against defendants Newsom and Allison in their individual capacities, the Court also **GRANTS** defendant's motion to dismiss because

plaintiff has not alleged sufficient facts to show how defendants participated, directed, or had any knowledge of the allegations in the complaint.  Instead, plaintiff just recites the elements of the claims and argues in a conclusory fashion that defendants knew of the custodial staff's conduct. Accordingly, plaintiff's first, second, third, fourth, and fifth claims against defendants Newsom and Allison in their individual capacities are **DISMISSED WITH LEAVE TO AMEND**.

- For the same reasons stated above, plaintiff's claim for injunctive relief against defendants Newsom and Allison are also **DISMISSED WITH LEAVE TO AMEND**.  Plaintiff has failed to allege sufficient facts to state any claim of unlawful activity by defendants Newsom and Allison.  Of the facts alleged to merit injunctive relief, none of them support plaintiff's claim in her opposition that the Government defendants had anything to do with the alleged conduct. Further, plaintiff failed to identify the injunctive relief she seeks.

- Custodian staff defendants' motion to dismiss plaintiff's eighth and ninth causes of action is **GRANTED** because the complaint fails to allege facts demonstrating that plaintiff complied with the California Government Claims Act ("GCA").  Plaintiff may amend her complaint if she can allege facts demonstrating that she complied with, or is excused from complying with, the GCA.

- However, custodian staff defendants' motion on Eleventh Amendment grounds is **DENIED**. California Government Code Section 815.2(a) does not grant the custodian staff defendants Eleventh Amendment immunity.  *See Demery v. Kupperman,* 735 F.2d 1139, 1146–47 (9th Cir.1984), *cert. denied,* 469 U.S. 1127 (1985) (holding that an indemnification arrangement between a state officer and the state was a "purely intramural arrangement" and that such arrangement did not "turn into an extension of sovereign immunity.")

- Custodian staff defendants' motion to dismiss plaintiff's request for injunctive relief is **GRANTED WITH LEAVE TO AMEND**. Plaintiff has not alleged facts sufficient to connect the defendants' acts to the alleged retaliation. Further, plaintiff failed to identify the injunctive relief she seeks.

- At the hearing plaintiff explained that defendant Mariah Alvarado was prematurely named as a party.  Thus, the Court **DISMISSES WITHOUT PREJUDICE** all claims against Alvarado.

Plaintiff shall file an amended complaint by **SEPTEMBER 10, 2021**.  Defendants shall respond to the amended complaint by **SEPTEMBER 24, 2021**.

This Order terminates Docket Numbers 14 and 16.

**IT IS SO ORDERED.**

Dated: August 11, 2021

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**