1

2

3                                   UNITED STATES DISTRICT COURT

4                                   NORTHERN DISTRICT OF CALIFORNIA

5

| | |
|---|---|
| 6    **JESSICA BOLTON**, | Case No.  4:21-cv-3466-YGR |
| 7         Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |
| 8      v. | |
| 9    **GAVIN NEWSOM, GOVERNOR OF THE** | Dkt. No. 33 |

**STATE OF CALIFORNIA; KATHLEEN**
**ALLISON, SECRETARY OF CALIFORNIA**
**DEPARTMENT OF CORRECTIONS AND**
**REHABILITATION; DANIEL PARAMO;**
**MARCUS POLLARD; SERGIO BUSTOS;**
**GABRIEL LOPEZ; JOSE VALENCIA; ALLEN**
**BOWMAN; AND EMMANUEL RAMIREZ.**

       Defendants.

14        Plaintiff Jessica Bolton is a mental health professional and staff psychologist at the Richard

15   J. Donovan Correctional Facility ("RJD"), which is part of the California Department of

16   Corrections and Rehabilitation ("CDCR").  (*See* Dkt. No. 31, ¶ 1) ("Amended Complaint" or

17   "Am. Compl.")  This action arises out of alleged retaliation against plaintiff after she witnessed

18   and reported officers using excessive force on an inmate. (*Id.* ¶ 2.)  Plaintiff brings this action

19   against defendants Governor Gavin Newsom; Kathleen Allison, (collectively, "government

20   defendants"), Daniel Paramo, Marcus Pollard, Sergio Bustos, Gabriel Lopez, Jose Valencia, Allen

21   Bowman, and Emmanuel Ramirez (collectively, "custodian staff defendants").  (*Id.* ¶¶ 8-17.)

22   Plaintiff brings eight claims for relief: (1) illegal intrusion on First Amendment right to free

23   speech in violation of 42 U.S.C. § 1983; (2) retaliation for exercising First Amendment speech,

24   *Monell* action-based on official policy, practice, or custom in violation of 42 U.S.C. § 1983; (3)

25   retaliation for exercising free speech, *Monell* action-based on act of final policymaker in violation

26   of 42 U.S.C. § 1983; (4) retaliation for exercising free speech, *Monell* action-based on ratification

27   in violation of 42 U.S.C. § 1983; (5) retaliation for exercising free speech, *Monell* action-based on

28   policy of failure to train or supervise in violation of 42 U.S.C. § 1983; (6) retaliation in violation

United States District Court
Northern District of California

United States District Court
Northern District of California

1    of California Labor Code § 1102.5; (7) intentional infliction of emotional distress; and (8)

2    negligent infliction of emotional distress.  (*See* Am. Compl.)

3          Having once considered a motion to dismiss, now before the Court is the government

4    defendants' motion to dismiss all claims in the first amended complaint.  (*See* Dkt. No. 33.)  The

5    matter was fully briefed by the parties.  (*See also* Dkt. Nos. 37 and 39.)

6          The Court has carefully considered the papers submitted and the pleadings in this action,

7    and for the reasons set forth below, it **GRANTS** the government defendants' motion to dismiss

8    **WITHOUT LEAVE TO AMEND**.[1]

9          A local government cannot be sued under Section 1983 for an injury inflicted solely by its

10   employees or agents.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694

11   (1978).  The government must have some direct role in the injury.  In other words, local

12   government cannot be held liable under Section 1983 on a respondeat superior theory.  *Id.* at 659.

13   The Ninth Circuit has found local government liable under Section 1983 when the government is

14   responsible for the execution and/or enforcement of a policy or custom that inflicts the injury, the

15   government's own action or inaction in the training, supervision, or control of the subordinates

16   leads to the injury, or if the government sets in motion a series of acts, or by refusing to terminate

17   a series of actions by others, which the defendant knew, or should have known, would cause

18   injury.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *Watkins v. City of*

19   *Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted);

20   *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 968 (9th Cir. 2001).

21         Plaintiff avers that the government defendants had actual knowledge of the retaliation that

22   she was experiencing but they failed to act.  (Dkt. No. 37) ("Opposition" at 5.)  In arguing such,

23   plaintiff points to her own testimony in the ongoing litigation in *Armstrong et al. v. Gavin*

24   *Newsom et al.*, No. C94-2307.  Plaintiff alleges the following in her complaint: that defendant

25   Newsom and CDCR were defendants in the *Armstrong* matter; that she was deposed in *Armstrong*

26

27          [1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the
Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court

28   **VACATES** the motion hearing set for **NOVEMBER 2, 2021**.

United States District Court
Northern District of California

1    and questioned by the Attorney General's office who was acting to defend defendant Gavin

2    Newsom and CDCR; that she was questioned in her deposition about matters included in her

3    federal complaint, including the unlawful use of force at RJD; that she testified that she was

4    subjected to retaliation after reporting unlawful conduct; that Newsom, Allison, Paramo, and

5    Pollard failed to take any actions in response to her testimony; and that defendant Allison was

6    aware or should have been aware of the retaliation complained of because she was previously the

7    Director of Division of Adult Institutions (DAI) from 2016 to 2018 and then was the

8    Undersecretary of Operations for CDCR before becoming Secretary for the CDCR in 2020. (Am.

9    Compl. ¶¶ 26, 70-71, 83-85, 125.)

10         Plaintiff's complaint generally repeats the allegations about the *Armstrong* case from

11   plaintiff's original complaint and asks the Court to infer the government defendants' knowledge of

12   the issues and conduct in this case based on the conduct in *Armstrong*.  While plaintiff's amended

13   complaint now alleges that she testified about the retaliation she faced at RJD, those facts are

14   insufficient to show a causal link between her testimony and any actions, or inactions, by the

15   government defendants.  The Court finds that plaintiff's allegations that defendants had general

16   knowledge of the lawsuit and by extension that officers were engaging in misconduct and that she

17   testified about the retaliation she was experiencing, are not sufficient to state a claim against the

18   government defendants.  Allegations need to be personal to the defendant.

19         Plaintiff's cited authority does not change the result.  Of the cited cases finding a Section

20   1983 claim, the cases held that defendants were directly involved in the unconstitutional conduct,

21   either by way of policy, direct involvement, or failure to supervise.  *See Starr v. Baca*, 652 F.3d

22   1202, 1205 (9th Cir. 2011) (finding supervisor liable for section 1983 claim where complaint

23   included allegations that the supervisor received clear written notice of the alleged conduct in an

24   investigation report and received weekly reports from subordinates responsible for conduct);

25   *Dobbs v. Richardson*, 614 F.3d 1185, 1204 (10th Cir. 2010) ( finding that defendant was liable for

26   Section 1983 claim where defendant was personally involved in the policy-making at the local

27   jail); *Snell v. Tunnell*, 920 F.2d 673, 700-01 (10th Cir. 1990) (finding  a causal link between

28   defendants' act of signing altered reports and making baseless allegations against plaintiffs and the

3

United States District Court
Northern District of California

1  constitutional deprivation of plaintiffs' rights).  Such specific allegations of knowledge or

2  involvement are missing from plaintiff's complaint.

3        The other cases cited actually found no Section 1983 violation where, as here, the

4  defendant was not involved in the alleged misconduct and do not apply otherwise.  *See Alton v.*

5  *Texas,* 168 F.3d 196 (5th Cir. 1999) (finding that subordinate's conduct could not be directly

6  imputed to university officials); *Johnson v. Duffy*, 588 F.2d 740, 744 (9th Cir. 1978) (relevant to

7  theory of vicarious liability related to state claim, not 1983 claim); *Ciampi v. City of Palo Alto*,

8  790 F. Supp. 2d 1077, 1105 (N.D. Cal. 2011) (granting defendant's motion for summary

9  adjudication of plaintiff's Section 1983 claim against local municipality).

10        Accordingly, the Court finds that plaintiff has not alleged sufficient facts to show how the

11  government defendants participated, directed, or had any knowledge of the alleged conduct in the

12  complaint.  For the foregoing reasons, the Court **GRANTS** the government defendant's motion to

13  dismiss **WITHOUT LEAVE TO AMEND**.

14        This Order terminates Docket Number 33.

15        **IT IS SO ORDERED.**

16  Dated: October 28, 2021

17  _____
    **YVONNE GONZALEZ ROGERS**

18     **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28